PELL A. DAVIS v. J. E. FAULKNER.

(Filed 14 November, 1923.)

Contents—New Promise — Consideration — Statute of Frauds — Debt of Another—Writing—Landlord and Tenant.

> Where the owner of lands has executed his note for moneys to be used by his tenant, and agrees with another such owner that he would release his tenant to become the tenant on the other's land for raising a crop thereon, if the latter would pay off or discharge the note held by the bank, and accordingly the tenant makes the change, the promise to become bound to the payment of the note at the bank is a new promise, supported by a sufficient consideration, and does not come within the meaning of the statute of frauds, requiring a signed, etc., writing for one to become bound for the obligation of another.

APPEAL by defendant from *Stack, J.,* at April Term, 1923, of ANSON.

This was an action begun before a justice of the peace and tried before *Stack, J.* No pleadings were filed but it appeared in the evidence that one Henry Brewer was a tenant of the plaintiff Davis during the year 1920. That Brewer executed a chattel mortgage on certain personal property to Davis, who also had a lien upon his crop for advances, to obtain which the plaintiff executed a note to the Bank of Wadesboro in the sum of $162 on which he paid $12 interest and obtained $150 for Brewer. About the end of 1920 the defendant saw Davis and said to him that if he would allow Brewer to move to his place he would take up the note at the bank, and the plaintiff says he told the defendant that if he did take up the note Brewer would go free, and soon after Brewer accordingly moved to defendant's farm. Later he saw defendant and asked him if he had taken up the note, and he said he found there were other liens against the property and he would not pay it. Verdict and judgment for plaintiff. Appeal by defendant.

*A. A. Tarlton for plaintiff.*
*McLendon & Covington for defendant.*

CLARK, C. J. The statute of frauds was pleaded and the court charged as follows: "The first issue is, 'Did the defendant promise and agree with the plaintiff that he would pay the note at the Bank of Wadesboro, executed to said bank by Pell Davis, if Pell Davis would consent for Henry Brewer to leave plaintiff's place and become a tenant of the defendant, as alleged in the complaint?'"

The second issue was, "In what amount, if any, is the defendant indebted to the plaintiff?" The court instructed the jury that if they answered the first issue "Yes," then the answer to the second issue would be "$142 with interest."

The court charged the jury as follows: "If you find by the greater weight of the evidence in this case that some time in January, 1920, the defendant promised and agreed with the plaintiff, Pell Davis, that if he would permit his tenant, Henry Brewer, to leave his premises and move to Faulkner's land and become his tenant for the year 1921 on the condition that he would take up his part of that agreement— that he was to relieve Davis from the payment of a debt which he had assumed and get the chattel mortgage himself, if you find by the greater weight of the evidence that was the agreement between the parties, you will answer the first issue 'Yes.' "

The court also charged the jury: "If you are not so satisfied, you will answer the issue 'No.' The burden of proof on that issue being upon the plaintiff to satisfy you by the preponderance of the evidence that that is the way the thing happened, but if the matter is like the defendant claims, that the contract was only that he should be bound to pay it in the event that there was no other mortgage against the property in chattel mortgage, then you will answer the first issue 'No,' because there is no question but that there was a mortgage on part of the property." And thirdly, he charged the jury: "If you find by the greater weight that it occurred like Davis said, and that he let the tenant leave and go off his place, and that was after the agreement with Faulkner that he would take up the note as Davis contends, then you will answer the first issue 'Yes.' If you are not so satisfied by the greater weight of the evidence you will answer the issue 'No.' " There was a good deal of controversy as to the facts, but the jury have found for the plaintiff on both issues that the contract was made as the plaintiff alleged, and that the amount due on the second issue was $142 with interest from the last day of February, 1920.

The statute of frauds, to "prevent frauds and perjuries," wisely provides that one cannot be held upon a verbal agreement to be surety for another, but the contract here alleged, and which the jury have found to be the fact, is that the defendant did not agree to become surety for plaintiff to the bank but that if Davis would let Henry Brewer move from his place to the defendant's farm that he would take up and pay off the debt which Davis owed the bank for money which he had borrowed from the bank upon security of a mortgage given by Davis and a lien on the crop. This was a new promise and undertaking on the part of the defendant to the plaintiff upon a consideration of an advantage to himself of the removal of the tenant from the plaintiff's farm to his.

It was argued that the defendant could not make Brewer move and the plaintiff had no power to retain him, but that is immaterial. There may have been a moral obligation or a sense of duty which would have

prevented a tenant moving from one premises to another, and, at any rate, the defendant, according to the verdict of the jury, thought it would be to his advantage and, as the jury finds, made the promise, and so recorded their verdict. The court charged the jury that "If, as the defendant claims, they found that the agreement of the defendant was that he should be bound to pay only in the event that there was no other mortgage against the property in the chattel mortgage, to answer the first issue 'No,' because there is no question that there was another mortgage on part of the property."

No error.